UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MOHAMED YAZID ZAGHIA                            CIVIL ACTION
   *Plaintiff*                                          NO.   20-619

VERSUS                                         SECTION:  "H" (1)

COSTCO WHOLESALE CORP., ET AL.                 JUDGE JANE TRICHE MILAZZO
   *Defendant*
                                               MAGISTRATE JUDGE
                                               JANIS VAN MEERVELD

<u>ORDER AND REASONS</u>

Before the court is the Motion for Reconsideration and for Leave to Amend Complaint. (Rec. Doc. 25). For the following reasons, the Motion is GRANTED in part and DENIED in part. The Court's Judgment dismissing plaintiff's complaint (Rec. Doc. 23) is hereby VACATED and this matter is reopened; plaintiff shall be allowed an opportunity to amend his complaint in accordance with the instructions herein. Such amended pleading shall be filed within 14 days.

<u>Background</u>

The factual background of this employment discrimination lawsuit is discussed in this Court's August 12, 2020, Order and Reasons granting defendants' motions to dismiss and will not be recounted here. (Rec. Doc. 22). Of relevance to the matter presently before the court, the plaintiff failed to file a memorandum in opposition to the motions to dismiss. Defendant Costco Wholesale Corp. ("Costco") filed its Motion to Dismiss on March 6, 2020. It was originally set for submission on March 25, 2020, and under the Local Rules, plaintiff's opposition memorandum was due on March 17, 2020. No opposition was filed.

Defendant Robert Armstrong appeared and filed his Motion to Dismiss on July 7, 2020,[1] adopting the motion filed by Costco.  The court set both motions for submission on July 22, 2020, and required plaintiff's opposition memorandum be filed by July 15, 2020. No opposition memorandum in opposition was ever filed, nor did plaintiff request an extension or request leave to amend the original complaint. The court granted the motions to dismiss on August 12, 2020. Judgment was entered dismissing plaintiff's claims that same day.

On September 1, 2020, plaintiff filed the present motion asking the court to reconsider its judgment dismissing his claims and to allow him leave to amend. Plaintiff does not attach a proposed amended complaint. His memorandum does not explain what additional facts would be alleged, but he does assert that:

> this matter involves an employee who was not only a Muslim but who was singled out by a manager because he was north African in his department which was filled with mostly African American employees. He is, essentially, Berber, and Caucasian in appearance, and when he reported fellow employees for fraudulent behavior, that was overlooked while he was accused of the same behaviors he reported. What is most telling here is that even when Costco's own human resources directed the store manager to allow Mr. Zaghia to return to work, the manager indicated he didn't want "those people," in his store and refused to do so, instead keeping him away from the store until he could terminate him.

(Rec. Doc. 25-1, at 2-3). His original complaint did not allege the race of his supervisor or the other employees he says were treated differently from him. This paragraph offers some clarification. This is also the first time he has mentioned that his manager "indicated he didn't want 'those people,' in his store."

Zaghia argues that he should be granted leave to amend because a Rule 12(b)(6) motion should not be granted without giving the plaintiff an opportunity to amend. Citing outdated case

---

[1] Plaintiff cites July 9, 2020, as the date Armstrong's Motion to Dismiss was filed. In fact, it was filed on July 7, 2020, but was marked deficient by the Clerk of Court because no separate memorandum in support had been filed. 7 days were allowed for correction, and Armstrong filed the proper documents on July 9, 2020.

law, he argues that a complaint should not be dismissed for failure to state a claim unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). He also argues that because a Rule 12(b)(6) motion was filed, he was within his time limit to request amendment of his complaint as a matter of course. He complains that his counsel was unaware of this procedure and seems to suggest that counsel for defendants should have directed his counsel to Rule 15(a)(1)(B) when she contacted him to obtain consent to amend the complaint.

As explanation for the failure to file an opposition to defendants' Motion to Dismiss, plaintiff's counsel reports that she is familiar with state court proceedings and believed that the original petition would be sufficient and that "even in lieu of an opposition that it would be understood as such." Id. at 3. Plaintiff's counsel also notes that she is or has been disabled and has been mostly homebound due to the COVID 19 pandemic. At oral argument, she explained that she is immunocompromised. Counsel submits that before plaintiff's opposition to the Motion to Dismiss was due, she obtained defendants' consent to amend her complaint against defendant Costco (though not against defendant Robert Armstrong)[2] and that she was investigating "ways to obtain leave and hire additional counsel to assist." Counsel asserts that she fell ill again and could not obtain assistance. At oral argument, she explained that she had been hospitalized. She recognized that she should have filed a motion to continue if she needed additional time. She reported that she has now recovered from the issue requiring her hospitalization, and she also

---

[2] Zaghia attaches an email chain dated July 14, 2020 in which defendants' counsel responded to her request by stating that: "We do not believe that any viable claims have been asserted against Robert Armstrong. Accordingly, we have no objection to plaintiff's request for leave to file an amended complaint, provided, however, that plaintiff dismiss Robert Armstrong from the case." (Rec. Doc. 25-2). As noted, Zaghia did not request leave to amend, nor did Zaghia move to dismiss Armstrong.

assured the court that she will be able to pursue this lawsuit in accordance with her obligations going forward. She added that her law partner has now agreed to assist her.

Defendants argue that Zaghia has failed to meet the Rule 59(e) standard for reconsideration of a final judgment because he has not shown a manifest error of law or fact or present newly discovered evidence. Defendants further argue that Zaghia has failed to show that there is any factual or legal basis for filing a new complaint.

<u>Law and Analysis</u>

1. *Legal Standard*

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within 21 days of serving it or within 21 days after the earlier of service of a responsive pleading or a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." <u>Id.</u> R. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." <u>Yumilicious Franchise, L.L.C. v. Barrie</u>, 819 F.3d 170, 177 (5th Cir. 2016) (quoting <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003).

The parties overlook the different approaches the Fifth Circuit has taken in assessing an attempt to amend the complaint after a dismissal on the merits as opposed to a dismissal on the pleadings. Defendants point out that the Fifth Circuit has held that "[p]ost-judgment amendment to a complaint can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60."[3] Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir. 2000); see Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (holding that once "a district court dismisses an action and enters a final judgment . . . a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60"); 6 Charles Alan Wright, et al., Federal Practice and Procedure. § 1489 (3d ed.) ("Most courts . . . have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60."). In Vielma, the Fifth Circuit Court of Appeals observed that "[i]n cases where a party seeks to amend her complaint after entry of judgment, '[the Fifth Circuit has] consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'" Vielma, 218 F.3d at 468 (quoting Briddle v. Scott, 63 F.3d 364, 379 (5th Cir. 1995)); see

---

[3] "A party may bring a motion under [Rule 59(e)] on three possible grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." Meyers Warehouse, Inc. v. Canal Ins. Co., No. CIV.A. 12-2948, 2014 WL 5113323, at *2 (E.D. La. Oct. 10, 2014), aff'd sub nom. Meyers Warehouse, Inc. v. Canal Indem. Co., 614 F. App'x 719 (5th Cir. 2015); Shimon v. Sewage & Water Bd. of New Orleans, No. CIV.A. 05-1392, 2007 WL 101038, at *1 (E.D. La. Jan. 9, 2007). "[A] motion to alter or amend the judgment under Rule 59(e) . . . cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003)) (alteration in original). Reconsidering a judgment is extraordinary, and the court "must balance between two competing interests: the desire to achieve and maintain a final judgment and the desire to reach a just decision based upon the evidence." Shimon , 2007 WL 101038, at *2.  "[I]n striking the proper balance in these circumstances, the court should consider, among other things, (1) the reasons for the plaintiffs' default, (2) the importance of the evidence to the plaintiffs' case, (3) whether the evidence was available to plaintiffs before they responded to the summary judgment motion, and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened." Ford v. Elsbury, 32 F.3d 931, 937–38 (5th Cir. 1994). But the mover is not required to "first show that her default was the result of mistake, inadvertence, surprise, or excusable neglect or that the evidence is such as to show that the judgment was manifestly wrong." Id.  at 937 (5th Cir. 1994) (quoting  Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994)).

Benson v. St. Joseph Reg'l Health Ctr., 575 F.3d 542, 550 (5th Cir. 2009) ("Once the entry of judgment has occurred, it is proper to deny leave to amend 'where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'") (quoting Briddle, 63 F.3rd at 379). The Vielma, Benson, and Briddle cases all involved a plaintiff's attempt to amend the complaint after dismissal on summary judgment. Benson, 575 F.3d at 545; Vielma, 218 F. 3rd at 468; Briddle, 63 F.3rd at 369.

In contrast, in the case of dismissal on a Rule 12(b)(6) motion to dismiss, the Fifth Circuit has held that "[g]ranting leave to amend is especially appropriate." Griggs v. Hinds Junior Coll., 563 F.2d 179, 180 (5th Cir. 1977). In Griggs, the defendants' motion to dismiss the plaintiff's employment discrimination lawsuit was granted. Id.   at 179. The plaintiff moved for reconsideration and for leave to amend pursuant to Federal Rule of Civil Procedure 15(a). Id.  The district court denied the motion without providing reasons. Id. at 180. On appeal, the Fifth Circuit held that the trial court abused its discretion in failing to provide reasons for denying the plaintiff's "timely" motion for leave to amend, noting that the trial court's decision was inconsistent with the spirit of the rules. Id.

Similarly, in U.S. ex rel. Steury v. Cardinal Health, Inc., the Fifth Circuit reversed the district court's judgment dismissing plaintiff's claims without granting the plaintiff an opportunity to amend.  625 F.3d 262, 271 (5th Cir. 2010). The magistrate judge had recommended granting the motion to dismiss and also granting leave to amend, but although the district court adopted the report and recommendation in full, the court issued a judgment of dismissal the same day without any explanation. Id.  The court in Steury used the Rule 15 standard to determine whether leave to amend should have been granted. Id.  at 270-71. The defendant argued that the plaintiff should have moved for reconsideration, citing case law like Vielma above. Id.  at 271. The Fifth Circuit

rejected this argument, concluding that there was no rule requiring a motion for reconsideration in lieu of an appeal. Id.  The court of appeals vacated the district court's judgment and remanded with instructions that plaintiff be given 10 days to file an amended complaint. Id.

   2.  *Analysis*

Zaghia seems to argue that Rule 15(a)(1)(B) applies here and that he should have been allowed to amend as a matter of course within 21 days of the filing of defendants' motions to dismiss. Of course he failed to seek leave to amend within 21 days of Costco's motion to dismiss filed in March. And although the submission date for Armstrong's motion to dismiss was set less than 21 days after the motion was filed, Zaghia still did not seek leave to file an amended complaint within 21 days of the filing of the motion to dismiss. Nor did he request an extension on the submission date on the motions to dismiss. Defendants' counsel was not under an obligation to inform Zaghia's counsel of the available procedures under the Federal Rules of Civil Procedure. It is Zaghia's counsel's obligation to be familiar with those rules if she will be practicing in this court. Relief is not available for Zaghia under Rule 15(a)(1)(B) because the 21 day time period has passed.

Defendants focus on the standard for a Motion for Reconsideration under Rule 59. They correctly point out that final judgment has been entered. Thus, this case must be reopened and the court's judgment dismissing the case reconsidered before the Motion for Leave to Amend can be granted. But, the cases cited by defendants that required the plaintiff to clearly establish that he could not have raised the new issue prior to the merits ruling all involve merits rulings. In contrast here, the court ruled on the pleadings.

"In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs

at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).[4] As in Griggs and Steury the court finds that Rule 15 provides the appropriate standard to consider Zaghia's request because Zaghia has never previously sought to amend his complaint and because the court has not yet assessed the merits of his claims.

Neither party has explicitly addressed the factors courts typically consider in assessing a proposed pleading amendment under Rule 15 in their briefing, however, the factors were discussed at oral argument. The court first considers whether there has been undue delay in Zaghia's request for leave to amend. Zaghia missed the 21 day deadline following the filing of the motions to dismiss to amend the pleadings as a matter of course. And he further failed to oppose the motions dismiss. Zaghia's explanation is to blame his counsel, who is, by her own admission, inexperienced in federal practice. Moreover, Zaghia's counsel reports that she suffers from a disability and is immunocompromised, which has made practicing law during the COVID-19 pandemic difficult. Additionally, she explained at oral argument that she had been hospitalized around the time her briefing on the motion to dismiss was due. The court notes that Zaghia promptly moved to reconsider the judgment dismissing the case and to request leave to amend once the motions to dismiss were granted. The court finds that Zaghia's delay is not entirely undue and, importantly, there is no evidence of bad faith or dilatory motive.

---

[4] In Great Plains, the Fifth Circuit nonetheless affirmed dismissal. 313 F.3rd at 330. The plaintiffs had not separately moved for leave to amend but had requested an opportunity to amend in a footnote "in the alternative" and in the context of only one of plaintiffs' claims. Id. at 329-30. Moreover, the plaintiffs had not raised the issue of district court's failure to allow them to amend their complaint as error on appeal and had thereby waived any error on that basis. Id. at 330.

The next factor concerns repeated failures to cure deficiencies in the complaint. Zaghia has not previously attempted to amend his complaint. Thus, there is no repeated failure to cure deficiencies.

The court also considers potential prejudice. Defendants have not identified any undue prejudice they would suffer if the amendment was allowed other than having to continue litigating this matter if it is reopened. But this alone does not create an undue prejudice. Of significance, defendants had already agreed to allow Zaghia to amend his complaint as to Costco after the motions to dismiss were filed. The court finds no prejudice weighing in favor of denying leave to amend.

Finally, the court considers the futility of the proposed amendment. Here, Zaghia has offered minimal indication of what additional facts he would plead.

The court has some concern that Zaghia will be unable to allege any facts so as to state a claim against Armstrong under Title VII, the Americans with Disabilities Act, Louisiana Employment Discrimination Law,  or Louisiana's whistleblower statute. There is no individual liability under these statutes. See Rec. Doc. 22, at 15. At oral argument, Zaghia's counsel insisted there might be a basis for individual liability of Armstrong if Costco argues that he was acting without authority. Without the proposed pleading before it, the court cannot now assess this assertion. As to the remaining claims, if facts exist to support the asserted causes of action, it may be possible for Zaghia to state a claim. The court finds that at this stage, the futility factor does not weigh against allowing the amendment.

Because the proposed pleading is not before the court, the court cannot opine on whether Zaghia's amended complaint would survive a motion to dismiss. The court instructs Zaghia to carefully review defendants' Motion to Dismiss (Rec. Doc. 8) and the court's Order and Reasons

(Rec. Doc. 22) outlining the deficiencies in the present complaint. He can save himself, his opponents, and the court the trouble of addressing claims for which there is no factual basis by dropping any such claims from his Amended Complaint.

Conclusion

Despite some delay in Zaghia requesting leave to amend, the court finds that there is no substantial reason to deny leave to amend. There is no evidence of bad faith or dilatory motive, there is minimal prejudice to the defendants, Zaghia has not repeatedly failed to cure deficiencies, and at this stage, the court cannot find that an amendment would be futile. Accordingly, the court finds appropriate to vacate its judgment dismissing Zaghia's complaint and grant Zaghia leave to amend his complaint, provided that Zaghia shall carefully review the deficiencies raised by the defendants with regard to his original complaint and he shall not assert any frivolous and unsupported claims in his amended pleading.[5] Accordingly, Zaghia's Motion for Reconsideration and for Leave to Amend is GRANTED in part and DENIED in part. Zaghia shall have 14 days to file an amended complaint that complies with the court's instructions herein.

New Orleans, Louisiana, this 16th day of October, 2020.

Janis van Meerveld
United States Magistrate Judge

---

[5] See Fed. R. Civ. P. 11; see also 28 U.S.C. §1927.